Joseph F. Schmitt, Esq.
Nevada Bar No. 9681
LERNER & ROWE INJURY ATTORNEYS
4795 South Durango Drive
Las Vegas, Nevada 89147
Telephone: (702) 877-1500
Facsimile: (702) 941-5138
E-mail: jschmitt@lernerandrowe.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ORNDOFF, individually,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 2:21-cv-01819-JAD-DJA<br><br>**PLAINTIFF'S MOTION TO ENLARGE TIME TO EFFECT SERVICE OF PROCESS ON DEFENDANT UNITED STATES OF AMERICA**<br><br>**(FIRST REQUEST)** |

Plaintiff ROBERT ORNDOFF ("Orndoff"), by and through his counsel, Joseph F. Schmitt, Esq. of Lerner & Rowe Injury Attorneys, hereby files Plaintiff's Motion to Enlarge Time to Effect Service of Process on Defendant UNITED STATES OF AMERICA (the "Motion") in the above-captioned matter. This Motion is made pursuant to the following Memorandum of Points and Authorities, the pleadings and papers on file in this action, and any oral arguments the Court may entertain at any hearing set for this matter. This is the first request for such an enlargement of time.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

This is premises liability/negligence case arising under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 *et seq*. (the "Act").  On October 5, 2019, Orndoff was injured while he was an invitee of the United States Postal Service ("USPS") post office located at 7925 West Russell Road, Las Vegas, Nevada 89113.  *See* Complaint, ¶¶ 5-7 (ECF No. 1).  On or about March 4, 2020, Orndoff filed an administrative claim with the USPS under the Act.  *Id*. at ¶ 4. USPS never responded to the claim, requiring Orndoff to commence this action. *Id.*

1

Orndoff filed his Complaint in this matter on Septemberr 30, 2021, naming the United States as the only Defendant, as required under the Act. *See generally*, *id*. Orndoff's counsel's office initially failed to cause a properly-issued Summons to be signed and issued by the Clerk of Court. *Id*. The next day, Orndoff's counsel's office received the signed and properly-issued Summons. *See* Summons in a Civil Act (ECF No. 2). Orndoff filed his Certificate of Interested Parties under LR 7.1-1 on October 6, 2021 (ECF No. 3).

The undersigned Orndoff's counsel believed the Summons was sent out for service on the United States. Unbeknownst to the undersigned, however, a staff member at counsel's law office failed to notice that the Court had signed and issued the Summons. Accordingly, that staff member believed there was still a lack of a Summons to serve. As a result, the Summons was never sent out for service. Inadvertence and the passage of time now require the instant Motion seeking an additional 30 days to serve the United States under FRCP 4(m) and FRCP 6(b).

## II. LEGAL ARGUMENT

### A. Rule 4(m) governs service of pleadings.

Rule 4(m) governs the time limit for service of pleadings and allows parties to obtain extensions of time to effect service of process beyond 90 days:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1) or to service of a notice under Rule 71.1(d)(3)(A).

FRCP 4(m).

### B. Rule 6(b) allows parties to extend deadlines.

Separately, Rule 6(b) also permits parties to ask the Court to extend deadlines: "if a request is made before the original time or its extension expires." FRCP 6 (b)(1)(A). If a motion to extend a deadline is made *after* the deadline has expired, then the party must show excusable neglect to extend the deadline. FRCP 6(b)(1)(B). Here, Orndoff requests an enlargement of time to effect service of process on Defendants *after* the 90-day service deadline has expired.

. . .

2

### C.     Good cause and excusable neglect support an extension.

Good cause and excusable neglect support Orndoff's request for a brief 30-day extension to serve the United States.  A court's finding of "excusable neglect" can excuse not only the negligence, carelessness, and inadvertent mistake of a party, but also that of a party's counsel. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489 (1993)).  In *Bateman*, the Ninth Circuit Court of Appeals addressed the meaning of "excusable neglect," to clarify:

> In *Briones*, 116 F.3d at 381, we noted that *Pioneer* changed our law on excusable neglect. Before *Pioneer,* we had held that "ignorance of court rules does not constitute excusable neglect" and had applied a *per se* rule against the granting of relief when a party failed to comply with a deadline. *See Briones*, 116 F.3d 381, 382. After *Pioneer*, however, we recognized that the term covers cases of negligence, carelessness and inadvertent mistake. *See id*. at 381.

*Bateman*, 213 F.3d at 1224 (citing *Pioneer*, 507 U.S. at 395).

In considering whether excusable neglect exists, a district court must consider the following criteria: "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Consejo de Desarrollo Economico de Mexicali v. United States*, 438 F. Supp. 2d 1207, 1224 (D. Nev. 2006) (quoting *Pioneer,* 507 U.S. at 395).

Moreover, the important judicial policy of adjudicating cases on their merits, rather than dismissing cases for failure to comply with procedural rules, can be gleaned from the case of *Mayweather v. The Wine Bistro*, *LLC*, Case No. 2:13-cv-210-JAD-VCF (D. Nev. October 4, 2013). In *Mayweather*, the plaintiff had filed a motion to extend time to serve the pleadings on some of the defendants outside the 120-day service period, after having failed to attempt such service within the 120-day service period. *See* Order filed October 4, 2013 in *Mayweather* (ECF No. 28), p. 11.  With respect to the plaintiff's delay in attempting to serve one of the defendants, such attempts were not made until "two full months after the 120-day period ran." *Id*.  The *Mayweather* Court found that the plaintiff had failed to demonstrate good cause for extending the 120-day service period as to

3

three of the defendants. *Id.* at p. 12.  Nevertheless, the *Mayweather* Court still allowed the extension of time to serve the defendants, as requested, noting "[w]here no good cause is shown, the Court has discretion to extend the time period . . . ." *Id.* at p. 12 (citing *U.S. v. 2,164 Watches More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004) and *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003)).

      Here, good cause and excusable neglect support an extension.  There is no danger of prejudice to the United States, who will still be permitted to appear and defend against Orndoff's claim.  As in *Mayweather*, the length of Orndoff's delay is minimal—the 90-day service period expired December 30, 2021—less than 56 days before Orndoff files this Motion.  The impact on these proceedings, therefore, is also minimal, especially in the context of the United States' failure to even respond to Orndoff's administrative claim under the Act.  The reason for the delay—the inadvertence of Orndoff's counsel through no fault of Orndoff—cuts in favor of relief.  Finally, Orndoff and his counsel have acted in good faith throughout these proceedings.  The delay is caused by the inadvertence of Orndoff's counsel, alone, with no intent to delay.  Accordingly, the Court should grant this Motion and allow an additional 30 days for Orndoff to effect service of process on the United States.

. . .

. . .

. . .

### III. CONCLUSION

For all the foregoing reasons, Orndoff respectfully requests that the Court extend the deadline to effect service of process on the United States, up to and including 30 days from the date the Court grants this relief. This is the first request for such an enlargement of time, and this request is not offered for any dilatory or improper purpose.

Dated this 23rd day of February, 2022.        LERNER & ROWE INJURY ATTORNEYS

By:  */s/ Joseph F. Schmitt*
         Joseph F. Schmitt, Esq.
         Nevada Bar No. 9681
         4795 S. Durango Dr.
         Las Vegas, Nevada 89147
         *Attorneys for Plaintiff*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: February 25, 2022

5